IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ALVIN BRUCE ERICKSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 09-0161-S-CWD |
| | ) | |
| v. | ) | |
| | ) | **INITIAL REVIEW ORDER** |
| RANDY BLADES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Idaho state prisoner Alvin Bruce Erickson has filed a Petition for Writ of Habeas Corpus with this Court under 28 U.S.C. § 2254.  The Court is required to screen all habeas petitions upon receipt to determine whether they are subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules).  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Id*.

## BACKGROUND

In 2003, Petitioner pleaded guilty in state court to one count of injury to a child. He was sentenced to six years in prison, with the first two years fixed, but the trial court suspended the sentence and released Petitioner on probation.

A year later, the State sought to revoke Petitioner's probation after charging him in a new case with possession of methamphetamine.  Petitioner agreed to enter a guilty plea

**INITIAL REVIEW ORDER - 1**

to the new charge while maintaining his innocence as permitted by *North Carolina v. Alford*, 400 U.S. 25 (1970).  The trial court sentenced him to two to six years, concurrent with the injury to child sentence.  After serving two 180-day riders in the Department of Correction, the court placed Petitioner on probation in both cases, but he eventually violated his probation and was thereafter sent to prison.

Petitioner's subsequent motion to reduce his sentences was denied.  The Idaho Court of Appeals' affirmed the lower court's decision, *see State v. Erickson*, Slip Op. 34189/34190 (Idaho Ct. App. July 8, 2008), and the Idaho Supreme Court declined to review the case.

In his Petition for Writ of Habeas Corpus, Petitioner  alleges that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel and that he was deprived of a due process right under the Fourteenth Amendment to challenge erroneous information in the presentence investigation report.  (Docket No. 3, pp. 2-3.)

## REVIEW OF THE PETITION

Habeas relief is available to prisoners who are being held in custody pursuant to a state court judgment in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).  After reviewing the Petition in this case, the Court finds that Petitioner has raised cognizable habeas claims, but it is unclear whether he has satisfied all of the necessary procedural requirements to have his claims heard on the merits.  In particular, it appears that Petitioner did not properly exhaust his state court remedies and

INITIAL REVIEW ORDER - 2

that the Petition may be untimely, but the Court lacks sufficient information to make a conclusive determination on those issues at this time.  Accordingly, the Clerk of Court shall serve a copy of the Petition and its attachments on Respondent, who shall file an answer or other appropriate responsive motion within 60 days of the date of this Order. Respondent shall also supply the relevant portions of the state court record.

Petitioner should be aware of the following standards of law, which may be applicable to this case, depending on the facts and circumstances.

(1)    Statute of Limitations

The Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) (enacted in 1996).  Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1). The one-year period  begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D).  The most common triggering event is the date upon which the judgment became final, either after the direct appeal or after the time for seeking an appeal expired.

The statute provides tolling (suspending) of the one-year period for all of  "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Thus, to the extent that Petitioner properly filed an application for post-

conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitation period.

The limitations period also may be tolled for fairness reasons when extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling"). *See, e.g., Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir. 2005). A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005).

 (2) <u>Exhaustion and Procedural Default</u>

In addition to satisfying AEDPA's statute of limitations, a petitioner must also have "exhausted" his state court remedies before including a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim properly, the petitioner must first have fairly presented it to the highest state court for review in a procedurally proper manner under state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

Petitioner must also be mindful that state remedies are considered technically exhausted, but not *properly* exhausted, if he failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also

**INITIAL REVIEW ORDER - 4**

be considered exhausted, though not properly exhausted, if a petitioner raised a federal claim in state court, but the state court rejected the claim on a clearly expressed and consistently applied state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered to have been "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, the petitioner is actually innocent, and that there will be a miscarriage of justice if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to [his] actual and substantial disadvantage, infecting [his] entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is

**INITIAL REVIEW ORDER - 5**

actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

      (3)   <u>Claims Proceeding on Merits</u>

For any of Petitioner's claims that survive these procedural requirements and proceed on the merits, he shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Application to Proceed In Forma Pauperis (Docket No. 1) is GRANTED.

**INITIAL REVIEW ORDER - 6**

IT IS FURTHER ORDERED that Petitioner's request for the appointment of counsel, contained within his Petition, is DENIED without prejudice.  The Court will reconsider appointing counsel later in this action, if necessary.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall serve (via ECF) a copy of the Petition, with exhibits, together with a copy of this Order, on L. LaMont Anderson at his registered ECF address.  If service of the Petition has previously been made to the Idaho Attorney General via the ECF system, the Clerk of Court need not send an additional copy of the Petition with the copy of the Order, but shall provide one if requested by the Idaho Attorney General upon receipt of the Order.

IT IS FURTHER ORDERED that Respondent shall file an answer or other appropriate responsive motion within 60 days after the entry of this Order.  Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state trial record that have been transcribed previously which are relevant to a determination of the issues presented.  Any state court pre-sentence evaluation reports shall be filed under seal of this Court without an accompanying motion.

IT IS FURTHER ORDERED that if Respondent opts to file a motion to dismiss instead of an answer, Petitioner shall file a response to the motion within 30 days after service of the motion.  Respondent may file a reply within 14 days after service of the

**INITIAL REVIEW ORDER - 7**

response.  The Court will resolve the matter and, if necessary, will issue a new scheduling order for the filing of additional pleadings.

IT IS FURTHER ORDERED that if Respondent opts to file an answer to the Petition under Rule 5 of the Rules Governing Section 2254 Cases, the parties shall file all dispositive motions within 30 days after the answer is filed.  A dispositive motion, such as a motion for summary judgment, shall fully brief all claims on the merits and contain appropriate citations to the record.  Responses shall be due within 30 days after service of motions.  Reply briefs shall be due within 14 days after service of responses.

IT IS FURTHER ORDERED that these deadlines supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

IT IS FURTHER ORDERED that Petitioner shall at all times keep the Court and Respondent advised of any changes in address.  Failure to do so may result in dismissal.



DATED: May 18, 2009

_____
Honorable Candy W. Dale
United States Magistrate Judge

**INITIAL REVIEW ORDER - 8**