IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ALVIN BRUCE ERICKSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 09-0161-S-CWD |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| RANDY BLADES, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

Pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal. (Docket No. 13.) Petitioner has filed a response to the Motion, and the parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c). (Docket No. 12.)

The Court finds that the parties have adequately presented the facts and legal argument in their briefing, and this matter will be resolved on the written record without oral argument. D. Idaho L. Civil R. 7.1(d)(4). For the reasons that follow, Respondent's Motion will be granted.

## BACKGROUND

In 2003, Petitioner pleaded guilty in state court to one felony count of injury to a child. (State's Lodging A-2, p. 18.) He was sentenced to six years in prison, with the first two years fixed, but the trial court suspended the prison sentence and released

Petitioner on probation. (State's Lodging A-2, pp. 48-49.) Judgment was entered on July 24, 2003, and Petitioner did not appeal. (State's Lodging A-1, pp. 69-72.)

One year later, the State sought to revoke Petitioner's probation after charging him in a new case with possession of methamphetamine. (State's Lodging A-1, pp. 84-107.) Petitioner agreed to enter a guilty plea to the new charge, while maintaining his innocence under *North Carolina v. Alford*, 400 U.S. 25 (1970), and to admit that he violated his probation in the first case. (State's Lodging A-1, pp. 122-27.)

On June 1, 2004, the trial court sentenced Petitioner to two to six years for possession of methamphetamine, concurrent with his sentence for felony injury to a child, but it retained jurisdiction while Petitioner served two 180-day "riders" in the Idaho Department of Correction (IDOC). (State's Lodging A-1, pp. 123-27.) After receiving the IDOC's favorable recommendation from the second rider, the court again placed Petitioner on probation. (State's Lodging A-1, pp. 146-47.)

Within seven months, the State alleged that Petitioner had again violated the terms of his probation. (State's Lodging A-1, pp. 160-64.) Petitioner admitted three of the four allegations, and on December 29, 2005, the district court revoked probation in both cases and imposed the previously suspended six-year prison sentences. (State's Lodging A-1, p. 179.) Petitioner did not appeal at that time.

Petitioner next filed an application for post-conviction relief in September 2006, alleging, in relevant part, that his counsel had pressured him to plead guilty and failed to

**MEMORANDUM DECISION AND ORDER - 2**

file a notice of appeal. (State's Lodging C-3, pp. 1-2.) The district court dismissed as time-barred all claims of ineffective assistance of counsel that arose before July 27, 2005, which would include the change of plea, sentencing, and revocation hearings in 2003 and 2004. (State's Lodging C-5, p. 3.) But, the court granted relief on Petitioner's claim that his counsel had unreasonably failed to submit either an Idaho Criminal Rule 35 motion to reduce his sentences or to file a notice of appeal after the court last revoked his probation in December 2005. (State's Lodging C-8, pp. 1-2.) As a result, a new judgment revoking probation and imposing sentences was entered to re-start the time period. (State's Lodging A-1, p. 184.) Petitioner then submitted a Rule 35 motion, which was denied, and his appeals from the denial of the Rule 35 motion and from the new judgment were consolidated. (State's Lodging A-1, pp. 188-93; State's Lodgings B-1, B-2.)

On appeal, the only issue that Petitioner raised was whether the trial court abused its discretion in failing to reduce his sentences. (State's Lodging B-4.) In an unpublished opinion, the Idaho Court of Appeals affirmed, and next the Idaho Supreme Court declined to review the case. (State's Lodgings B-7, B-8.) The Remittitur was issued on August 27, 2008. (State's Lodging B-11.)

Petitioner filed his Petition for Writ of Habeas Corpus in this Court on April 8, 2009, alleging that he was deprived of his Sixth Amendment right to the effective assistance of counsel and that he was deprived of a due process right under the Fourteenth

Amendment to challenge erroneous information in the presentence investigation report.[1] (Docket No. 3, pp. 2-3.)

The Court conducted an Initial Review of the Petition and ordered Respondent to file either an answer or an appropriate pre-answer motion to dismiss. (Docket No. 5.) Respondent has done so by filing the pending Motion for Summary Dismissal. (Docket No. 10.) In his Motion, Respondent argues that, to the extent Petitioner's constitutional claims arise from events that occurred before the original judgments of conviction were entered (2003 and 2004), they are untimely and must be dismissed. (Docket No. 10, p. 5.) Alternatively, Respondent contends that Petitioner has not fairly presented either claim in the Idaho Supreme Court, and because the time to do so has passed, they must be dismissed as procedurally defaulted. (Docket No. 10, p. 12.)

The Court finds that Respondent's procedural default defense is straightforward and meritorious, and it will summarily dismiss the Petition on that basis without reaching the statute of limitations issue.

---

[1] Petitioner's additional assertion that "[he] was denied [his] Rule 35 " is not a reviewable claim in a federal habeas corpus proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

**MEMORANDUM DECISION AND ORDER - 4**

## STANDARD OF LAW

### A. Summary Dismissal Standard

Rule 4 of the Rules Governing Section 2254 Cases authorizes a federal court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

When a court is considering a motion to dismiss, it may look beyond the pleadings to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *See Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986), *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by Respondent.

### B. Exhaustion and Procedural Default

Habeas relief is available to prisoners who are being held in custody pursuant to a state court judgment in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Before coming to federal court, however, a petitioner must first exhaust all potential remedies in state court. 28 U.S.C. § 2254(b)(1)(A). This requirement is designed to promote comity and federalism by giving the state courts an initial opportunity to correct constitutional errors. *Duncan v. Walker*, 513 U.S. 364, 365 (1995).

A federal court must determine not only whether a petitioner exhausted his remedies, meaning that no opportunities to raise a constitutional claim remains available in state court, but also whether the petitioner exhausted those remedies *properly*. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To do so, the petitioner must have fairly presented the alleged constitutional error at each level of state appellate review, alerting the state courts of the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If a state's appellate system includes the possibility of discretionary review in the highest state court, then to comply with the requirement of fair presentation, the constitutional claim must be raised in a petition for review. *Boerckel*, 526 U.S. 838, 845.

The failure to present a claim in state court will result in a procedural default if it is clear that the petitioner would now be barred from raising the claim under the state's procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A procedurally defaulted claim cannot be considered in a habeas proceeding unless the petitioner can establish cause for his default and actual prejudice flowing from the constitutional error, or can show a miscarriage of justice, which means that the petitioner is probably innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To show "cause," the petitioner must ordinarily establish that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," the petitioner bears the burden of demonstrating that the errors "worked to his actual and substantial disadvantage, infecting

**MEMORANDUM DECISION AND ORDER - 6**

his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

## DISCUSSION

From a review of the pleadings, briefing, and the state court record in this case, it is clear to the Court that Petitioner has never raised any federal constitutional claims in the Idaho Supreme Court. He did not appeal from the July 2003 judgment for injury to a child, the June 2004 judgment imposing sentences in both cases while retaining jurisdiction, or the September 2004 judgment placing Petitioner on probation after returning from his second rider. Petitioner's only appeal to reach the Idaho Supreme Court was based solely on the state law question of whether the district court abused its discretion in failing to grant his Rule 35 motion for a reduction of sentences, and no federal claims were raised in that appeal. (State's Lodgings B-4, B-9.) Because it is now too late for Petitioner to return to state court to raise his current Sixth and Fourteenth Amendment claims, they are procedurally defaulted. *See Gray*, 518 U.S. at 161.

Petitioner has not offered any reason, or "cause," to excuse his failure to exhaust his claims properly, and the Court has reviewed the record and found none. Under certain circumstances, a claim of ineffective assistance of counsel may serve both as a substantive claim and as the cause for the default of another claim, but only if the ineffective assistance of counsel claim is itself properly exhausted and free of procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000). Here, while Petitioner raised

ineffective assistance claims in the state district court, he did not fairly present them to the Idaho Supreme Court, and they are not properly exhausted.[2]

For these reasons, the Court concludes that it plainly appears that Petitioner will not be entitled to relief, and Respondent's Motion for Summary Dismissal will be granted.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal from the Court's judgment, the Court on its own initiative has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. A habeas petitioner cannot appeal unless a COA has been issued. 28 U.S.C. § 2253. A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

---

[2] Petitioner was successful in state district court on his claim that his counsel was ineffective in not filing a Rule 35 motion or an appeal from the probation revocation proceeding. But because he received relief in the form of an opportunity to file a Rule 35 and to complete an appeal, that claim does not help him here.

**MEMORANDUM DECISION AND ORDER - 8**

The Court finds that reasonable jurists would not debate the Court's determination that Petitioner's claims are procedurally defaulted, and no COA shall issue. Petitioner is advised that he may still seek a COA in the Ninth Circuit Court of Appeals, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal in this Court.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 10) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion to Dismiss Respondent's Motion for Summary Dismissal (Docket No. 13) is DENIED, but the Court has considered Petitioner's arguments contained therein in response to Respondent's Motion.

IT IS FURTHER ORDERED that a certificate of appealabilty shall not issue in this case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: March 1, 2010

Honorable Candy W. Dale
United States Magistrate Judge